UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ALEX GONERO,

        Plaintiff,

   v.

UNION PACIFIC RAILROAD COMPANY, ANDREW RIBBING, LEO J. MARIN, JOHN PARKER AND DENNIS MAGURES and DOES 1 through 10, inclusive,

        Defendants.
_____/

NO. CIV. 09-2009 WBS JFM

<u>MEMORANDUM AND ORDER RE: REQUEST FOR BRIEFING</u>

----oo0oo----

        Having read the briefs provided by the parties, the court concludes that oral argument is unnecessary.  The court will, therefore, vacate the hearing set for January 4, 2010 and take the matter under submission pursuant to Eastern District Local Rule 230(g).

        On November 24, 2009 this court ordered briefing on the limited question of whether this court has subject matter jurisdiction over the instant lawsuit.  Defendants and plaintiff

1

1  agree that this court's October 16, 2009 Order (Docket No. 26)
2  denying defendants' motion to dismiss implicitly determined that
3  the individually named defendants were not fraudulently joined.
4  This court, therefore, no longer has subject matter jurisdiction
5  over the instant lawsuit pursuant to 28 U.S.C. § 1332 and will
6  remand this action to state court.  The court rejects the
7  defendants' argument that it must vacate its October 16, 2009
8  Order, as so doing would vacate the grounds on which the remand
9  is based.

10          In his brief to this court regarding its subject matter
11 jurisdiction, counsel for the plaintiff moves the court for
12 attorneys' fees and costs related to defendants' removal of the
13 case to federal court.  An order remanding a removed case to
14 state court "may require payment of just costs and any actual
15 expenses, including attorney fees, incurred as a result of the
16 removal."  28 U.S.C. § 1447(c).  Courts use their discretion when
17 evaluating requests under § 1447(c), and "absent unusual
18 circumstances, attorney's fees should not be awarded when the
19 removing party has an objectively reasonable basis for removal."
20 Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).
21 Although this court concluded that defendants' theory that the
22 individually named defendants were fraudulently joined was
23 without merit, it does not follow that the theory was necessarily
24 objectively unreasonable.  There are at least two sides to every
25 argument, and one side always has to lose.  That does not mean,
26 however, that the losing side must always pay attorneys fees.
27 The court concludes an award is not appropriate in this case.
28 ///

2

1      IT IS THEREFORE ORDERED that this action be, and the
2 same hereby is, REMANDED to the Placer County Superior Court of
3 California.
4      IT IS FURTHER ORDERED that plaintiff's request for
5 attorneys' fees is DENIED.
6 DATED:  December 29, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE